ALMER JOSEPH ROBERTSON
and ANGEL MICHELLE WHITE

THIRD JUDICIAL DISTRICT COURT

VERSUS NO. 44,264

PARISH OF UNION

TOWN OF FARMERVILLE and
DEWAYNE A. JACKSON

STATE OF LOUISIANA

FILED: _June 28 2010_

CLERK: _Zachary R Udell_ dy

## PETITION

NOW INTO COURT, through undersigned counsel, comes and appears Almer Joseph Robertson and Angel Michelle White, both major residents and domiciliaries of Union Parish, Louisiana, who respectfully represent that:

1.

Made Defendants herein are:

a. Town of Farmerville, Louisiana, a governmental political entity incorporated under the laws of the State of Louisiana; and

b. Dewayne A. Jackson, an employee of the Town of Farmerville Police Department acting within the scope of his employment at all times pertinent hereto.

2.

On January 1, 2010, petitioner, Almer Joseph Robertson (Robertson) was proceeding North on North Main Street in Farmerville, Louisiana in a 2001 GMC pick-up. Petitoner Angel Michelle White (White) was a passenger in the truck.

3.

As the petitioners vehicle was lawfully proceeding North on North Main Street, a Farmerville Police unit being operated by Officer Dewayne A. Jackson (Jackson) rapidly approached from the rear and continued to drive extremely close to the Robertson vehicle. Jackson activated his emergency lights and Robertson executed a legal right turn into the Elawee Fashion parking lot whereby Jackson proceeded to detain Robertson and White without probable cause.

4.

Upon exiting his vehicle, Robertson was immediately placed in hand-cuffs (behind the back) by Jackson, effectively being placed under arrest without any reason given for the detention. As Jackson escorted Robertson to the patrol unit, Robertson was pushed by Jackson causing Robertson to fall face first onto to the edge of North Main Street. Jackson refused to

A TRUE COPY
_K. Gilbert_
by Clerk of Court Union Parish, LA

help Robertson, who suffered from pre-existing medical conditions, to his feet for several moments. At this point White was also hand-cuffed, at the direction of Jackson, by Officer Bobby Holly of the Farmerville Police Department who had arrived on the scene in another police unit. Jackson ultimately roughly helped Robertson to his feet before placing him in the rear of the Town of Farmerville police unit.

5.

At the direction of Jackson, officers of the Farmerville Police Department then conducted a warrantless search of Robertson's truck even though both occupants of the truck had been placed under arrest and had no access to the truck. As a result of the warrantless search, Jackson seized two handguns and two bottles of prescription narcotics, all of which were in the legal and valid possession of Robertson. In response to being questioned while being detained in the rear seat of Officer Jackson's police unit, Robertson claimed ownership of all seized items.

6.

Upon information and belief, Jackson also removed $1,600.00 (one-thousand and six hundred dollars) in cash from Robertson's truck without reporting the seizure. Said money was present in the vehicle at the time of the stop. Immediately after the vehicle was searched by Jackson, White requested that officers remove the $1,600.00 cash from the vehicle in order to be able to post bond on behalf of Robertson. No one other than Farmerville Officers had entered the vehicle after the stop and Jackson had seized items in the immediate vicinity of the cash. Officers Holly and Owens of the Farmerville Police Department searched the vehicle at White's request and reported that there was no cash present.

7.

Jackson arrested and incarcerated Robertson, without probable cause, for the following offenses:

    a. Improper Lane Usage;

    b. Reckless Operation;

    c. Disturbing the Peace by Loud and Profane Language;

    d. Illegal Carrying of Weapons;

    e. Public Intimidation;

    f. Possession of Schedule IV narcotics.

8.

Jackson arrested and incarcerated White, without probable cause, for the following offenses:

    a. Interfering with a police officer;

    b. Possession of Schedule IV narcotics;

    c. Illegal Carrying of Weapons;

    d. Disturbing the Peace by Loud and Profane Language.

9.

As a result of their arrests, Robertson and White were jailed without bail for two days.

10.

The District Attorney's office of Union Parish refused to bill any of the felony offenses for which Robertson and White were arrested. Robertson had valid prescriptions for all of the narcotics seized and legally possessed the firearms which had been deemed illegal by Jackson.

11.

By Bill of Information filed by the Union Parish District Attorney, Robertson was charged with the offenses of:

    a. Reckless Operation of Vehicle in violation of LRS 14:99;

    b. Disturbing the Peace by Language in violation of LRS 14:103(A)(2);

    c. Threatening a Public Official in violation of LRS 14:122.2.

12.

By Bill of Information filed by the Union Parish District Attorney, White was charged with the offenses of:

    a. Resisting an Officer in violation of LRS 14:108;

    b. Disturbing the Peace by Language in violation of LRS 14:103(A)(2).

13.

As a result of the prosecutions instituted on Jackson's complaint, Robertson and White were required to appear in court approximately 5 times over a nine month period. Robertson and White dutifully appeared every time that they were instructed to. Over this nine month period, Jackson refused to obey the courts' summons to appear on several occasions. Jackson never appeared in court and the proceedings were repeatedly continued with Robertson and White being ordered to return. Ultimately, all charges against Robertson and White were dismissed by the Union Parish District Attorney on August 25, 2010.

14.

At no time were the petitioners at fault in this incident.

15.

The defendants are at fault and responsible in damages to Almer Joseph Robertson for the following non-exclusive reasons:

a. wrongful arrest;

b. false imprisonment;

c. malicious prosecution;

d. defamation;

e. battery;

f. theft;

g. deprivation of constitutional rights under 42 USC 1983 and Louisiana Constitution

i. use of excessive force;

ii. abuse of power;

iii. commission of crime acting under of the color of law;

iv. conduct of an illegal and warrantless search of petitioner's private property;

v. unlawful arrest and seizure of person.

16.

As a result of this incident, Almer Joseph Robertson suffered the following injuries.

a. public humiliation and psychological trauma;

b. emotional distress;

c. defamation of character;

d. back pain as a result of aggravation of pre-existing injuries;

e. loss of personal property;

f. violation of constitutional rights as guaranteed by the Louisiana and United States Constitutions.

17.

As a result of this incident and the resultant injuries, Almer Joseph Robertson suffered the following damages:

a. past, present and future mental anguish, in an amount to be proven at trial;

b. past loss of enjoyment of life, in an amount to be proven at trial;

c. past, present and future physical pain and suffering, in an amount to be proven at trial;

d. theft of $1,600.00 (one thousand and six hundred dollars) cash;

e. permanent, irreparable harm to reputation, both professional and personal;

f. all damages appropriate in the premises for deprivation of constitutional rights under the Louisiana Constitution and 42 USC 1983.

18.

The defendants are at fault and responsible in damages to Angel Michelle White for the following non-exclusive reasons:

a. wrongful arrest;

b. false imprisonment;

c. malicious prosecution;

d. defamation;

e. battery;

f. deprivation of constitutional rights under 42 USC 1983 and Louisiana Constitution

  i. use of excessive force;

  ii. abuse of power;

  iii. conduct of an illegal and warrantless search of petitioner's private property;

  iv. unlawful arrest and seizure of person.

19.

As a result of this incident, Angel Michelle White suffered the following injuries.

a. public humiliation and psychological trauma;

b. emotional distress;

c. defamation of character;

d. violation of constitutional rights as guaranteed by the Louisiana and United States Constitutions.

20.

As a result of this incident and the resultant injuries, Angel Michelle White suffered the

following damages:

    a. past, present and future mental anguish, in an amount to be proven at trial;

    b. past loss of enjoyment of life, in an amount to be proven at trial;

    c. permanent, irreparable harm to reputation, both professional and personal;

    d. all damages appropriate in the premises for deprivation of constitutional rights under the Louisiana Constitution and 42 USC 1983.

WHEREFORE, premises considered, Petitioners, Almer Joseph Robertson and Angel Michelle White respectfully pray:

1. That this petition be filed;

2. That the Defendants be duly cited to appear and answer after all legal delays

3. That after due proceedings had, this Honorable Court render judgment for damages in favor of Petitioners and against Defendants, *in solido*, in an amount reasonable in the premises, together with judicial interest and cost.

Respectfully submitted:

*A. Scott Killen*
A. Scott Killen
Attorney at Law
La. Bar Roll #19648
P.O. Box 2556
Ruston, Louisiana 71273
Telephone: 318-436-9954

PLEASE SERVE:

Town of Farmerville, Louisiana
*Through its chief executive officer:*
The Honorable M. Stein Baughman, Jr.
Mayor
Town of Farmerville
407 South Main Street
Farmerville, Louisiana 71241

Dewayne A. Jackson
Police Officer
Farmerville Police Department
407 South Main Street
Farmerville, Louisiana 71241

## AFFIDAVIT OF VERIFICATION

STATE OF LOUISIANA

PARISH OF UNION

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified within and for the State and Parish aforesaid, personally appeared ALMER JOSEPH ROBERTSON, who, after being by me duly sworn, said that she has read the above-captioned petition, and all of the allegations of fact contained therein are true and correct, to the best of her knowledge, information and belief.

_____
ALMER JOSEPH ROBERTSON

SWORN TO AND SUBSCRIBED, before me, this 21st day of December, 2010.

_____
NOTARY PUBLIC

## AFFIDAVIT OF VERIFICATION

STATE OF LOUISIANA

PARISH OF UNION

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified within and for the State and Parish aforesaid, personally appeared ANGEL MICHELLE WHITE, who, after being by me duly sworn, said that she has read the above-captioned petition, and all of the allegations of fact contained therein are true and correct, to the best of her knowledge, information and belief.

_____
ANGEL MICHELLE WHITE

SWORN TO AND SUBSCRIBED, before me, this 21st day of December, 2010.

_____
NOTARY PUBLIC