UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION


ALMER JOSEPH ROBERTSON                    CIVIL ACTION NO.: 3:11-cv-00049
and ANGEL MICHELLE WHITE


VERSUS                                    JUDGE ROBERT G. JAMES


TOWN OF FARMERVILLE and
DEWAYNE A. JACKSON                        MAGISTRATE KAREN L. HAYES

                                          DEMAND FOR JURY TRIAL



### ANSWER

NOW INTO COURT, through undersigned counsel, come the TOWN OF FARMERVILLE

and DEWAYNE JACKSON, named as defendants herein who, in response to the plaintiffs' Petition,

deny each and every paragraph of the Petition unless specifically admitted herein, and further show:

I.

### FIRST DEFENSE

The Petition (referred to hereinafter as the "Complaint") fails to state a claim against

defendants upon which relief can be granted.

II.

### SECOND DEFENSE

Defendants deny that they have conducted themselves in any form or manner which was a

violation of plaintiffs' civil rights; further, they deny ever having subjected plaintiffs or having

caused plaintiffs to be subjected to a deprivation of any constitutional right or rights, privileges or

immunities, or to a violation of any law, federal or state; defendants specifically deny any indebtedness on their part unto plaintiffs, for any damages, be they actual, compensatory, or punitive in any form or fashion.

III.

THIRD DEFENSE

At all times pertinent hereto, defendants conducted themselves lawfully, reasonably, and within the authority, powers and rights of their office.

IV.

FOURTH DEFENSE

Defendants plead Qualified Immunity.  They are entitled to Qualified Immunity for all conduct relative to the matters alleged in the Complaint.  Defendants were objectively reasonable, their conduct did not violate any clearly established law of which defendants knew or should have known, and a reasonable officer could have believed defendants' conduct to be lawful.

V.

FIFTH DEFENSE

Defendants deny all of the allegations, claims, contentions and conclusions set forth by plaintiffs  in the individual paragraphs of the Complaint, except as expressly hereinafter admitted, and to the individual paragraphs of the Complaint, defendants answer:

1.

It is admitted that the Town of Farmerville and Dewayne Jackson are named as defendants.

2.

The allegations of paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

It is admitted that Farmerville Police Officer Dewayne Jackson operated a patrol car and activated its emergency lights; otherwise, the allegations of paragraph 3 of the Complaint are denied.

4.

It is admitted that Robertson was handcuffed and placed in a patrol car; otherwise, the allegations of paragraph 4 of the Complaint are denied, denied for lack of sufficient information to justify a belief therein, and denied as written.

5.

It is admitted that guns and drugs were found in plaintiffs' vehicle; otherwise, the allegations of paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein and denied as written.

6.

The allegations of paragraph 6 of the Complaint are denied.

7.

The allegations of paragraph 7 of the Complaint are denied.

8.

The allegations of paragraph 8 of the Complaint are denied.

9.

The allegations of paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein .

10.

The allegations of paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein .

11.

The allegations of paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein .

12.

The allegations of paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

It is denied that Officer Jackson refused to obey the courts' summons to appear on several occasions; otherwise, the allegations of paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of paragraph 14 of the Complaint are denied.

15.

The allegations of paragraph 15 of the Complaint are denied.

16.

The allegations of paragraph 16 of the Complaint are denied.

17.

The allegations of paragraph 17 of the Complaint are denied.

18.

The allegations of paragraph 18 of the Complaint are denied.

19.

The allegations of paragraph 19 of the Complaint are denied.

20.

The allegations of paragraph 20 of the Complaint are denied.

AND NOW, FURTHER ANSWERING DEFENDANTS, the TOWN OF FARMERVILLE and DEWAYNE JACKSON, SHOW:

21.

In the alternative and only in the event the Court should find the incident in question to have resulted from some fault on the part of defendants, defendants show that the fault of the plaintiffs and/or fault attributable to the plaintiffs contributed to the occurrence of the alleged incident; accordingly, plaintiffs' recovery, if any, should be precluded or reduced in proportion to the degree of fault attributable to plaintiffs in accordance with law.

22.

Defendants further show that any injury or damages to plaintiffs were the result of actions, conduct, negligence, and/or fault of parties, third parties, or persons other than defendants over whom defendants have no authority nor control and for whom defendants have no responsibility, and therefore, plaintiffs' recovery, if any, should be precluded or reduced accordingly.

23.

Defendants are entitled to Qualified Immunity.

24.

Defendants plead all limitations of liability, interest, and costs set forth in applicable Louisiana Statutes, including but not limited to La. R.S. 9:2798.1 and 13:5106.

25.

Defendants request attorney fees pursuant to 42 U.S.C. § 1988.

26.

Defendants request a trial by jury.

WHEREFORE, DEFENDANTS, the TOWN OF FARMERVILLE and DEWAYNE JACKSON PRAY that after due proceedings had, there be judgment herein rejecting the demands of the plaintiffs and dismissing this suit at plaintiffs' costs.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By:  _____/s/ James R. Sterritt_____
        James R. Sterritt    #18447
        Gregg A. Wilkes    #20419
333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA   71120-2260
Telephone:    (318) 221-6277
Telecopier:    (318) 227-7850
james.sterritt@cookyancey.com
gregg.wilkes@cookyancey.com

ATTORNEYS FOR DEFENDANTS, TOWN
OF   FARMERVILLE   AND   DEWAYNE
JACKSON

## CERTIFICATE

I HEREBY CERTIFY that on February 18, 2011, a copy of the above and foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system; notice will be sent by operation of the court's electronic filing system to opposing counsel of record.

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By:        /s/ James R. Sterritt
        James R. Sterritt   #18447
        Gregg A. Wilkes   #20419

333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA   71120-2260
Telephone:   (318) 221-6277
Telecopier:   (318) 227-7850
james.sterritt@cookyancey.com
gregg.wilkes@cookyancey.com

ATTORNEYS FOR DEFENDANTS, TOWN OF FARMERVILLE AND DEWAYNE JACKSON